

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-21-00248-CV

---

IN THE INTEREST OF D.B. AND G.B., CHILDREN

---

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CV20-00209

---

Before Kerr, Birdwell, and Bassel, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

D.B. (Mother), proceeding pro se, attempts to appeal from an order signed by the presiding judge of the Eighth Administrative Judicial Region denying her "[Unopposed] Emergency Motion for Recusal of Judge for Termination of Parental Rights Case: Bill of Review; Referral to Administrative Judge." [Brackets in original.] We notified Mother of our concern that we lack jurisdiction over this appeal because the trial court's order did not appear to be a final judgment or appealable interlocutory order. We informed her that unless she or any party desiring to continue the appeal filed a response within ten days showing grounds for continuing the appeal, we would dismiss it. *See* Tex. R. App. P. 42.3(a), 44.3. Mother has filed a response, but it does not show grounds for continuing the appeal.

As we understand Mother's response, she is arguing that the order denying her motion—which she implies is based on both recusal and disqualification grounds—is an appealable interlocutory order. *See generally* Tex. R. Civ. P. 18b ("Grounds for Recusal and Disqualification of Judges"). Although an order denying a motion based on either ground is interlocutory, such an order is not immediately appealable. *See* Tex. R. Civ. P. 18a(j). An order denying a recusal motion "may be reviewed only for an abuse of discretion on appeal from the final judgment." Tex. R. Civ. P. 18a(j)(1)(A). An order denying a disqualification motion "may be reviewed by mandamus and may be appealed in accordance with other law." Tex. R. Civ. P. 18a(j)(2). Here, there is no "other law" permitting the interlocutory appeal of an order

2

denying a disqualification motion. *See Gore v. Gore*, No. 05-13-01025-CV, 2014 WL 1018650, at *1 (Tex. App.—Dallas Mar. 17, 2014, no pet.) (mem. op.).

Absent an appealable interlocutory order or final judgment, we lack jurisdiction over an appeal. *See Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). The trial-court clerk has confirmed that there is no final judgment in this case. Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); Tex. R. Civ. P. 18a(j).

Per Curiam

Delivered: October 28, 2021